Filed 7/22/25  P. v. Galafate CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROMAN GALAFATE III,<br><br>    Defendant and Appellant. | F088340<br><br>(Super. Ct. No. SC036346A)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from an order of the Superior Court of Kern County.  David Wolf, Judge.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ivan P. Marrs and Jennifer M. Poe, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*Before Levy, Acting P. J., Peña, J. and Fain,† J.

†Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## INTRODUCTION

On May 14, 2024, defendant Roman Galafate III filed an invitation for the court to recall and resentence him pursuant to Penal Code section 1172.1 as amended by Assembly Bill No. 600 (2023–2024 Reg. Sess.) (Assembly Bill 600). (Undesignated statutory references are to the Penal Code.) The court took the matter under submission after hearing argument and then denied defendant's invitation to recall and resentence him.

Defendant now appeals from that order, asserting the court chose to accept his invitation to recall and resentence on its own motion by reviewing the documents filed, scheduling a hearing, and soliciting arguments by both parties, thereby making its order appealable pursuant to section 1237. Defendant further contends the court abused its discretion in denying his request to recall and resentence because it failed to consider statutorily required factors. The People argue the appeal must be dismissed because the court's order is not appealable.

We conclude the order appealed from is not an appealable order and, accordingly, dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1989, a jury convicted defendant of the first degree murder of Violeta Peterson (§ 187; count 1) and conspiracy to commit murder (former § 182, subd. 1; count 2). As to count 1, the jury also found true a special circumstance allegation the murder was intentional and committed for financial gain (§ 190.2, subd. (a)(1)). As to count 2, the jury found true the following overt acts: (1) that defendant "purchased a money order for the amount of $83.00 from the Miracle Market …" and (2) he and his codefendant Leny Galafate "obtained money from an insurance policy, the beneficiary of which was Reny

2.

Peterson, by means of false pretenses ….”[1]  In 1989, the court sentenced defendant to life without the possibility of parole (LWOP) on count 1 and stayed the sentence on count 2 pursuant to section 654.[2]

On May 14, 2024, defendant filed an invitation to the trial court to resentence him pursuant to Assembly Bill 600 and section 1172.1.  The invitation stated it was “based upon a story of redemption and atonement,” acknowledging defendant “committed a horrific crime” 38 years ago.  Counsel asserted defendant has been “atoning” for his crime and “is a hospice worker, ordained minister, service dog trainer, role model to younger inmates, and assistant to correctional staff.”  She asserted defendant could be safely returned to society and urged the court to consider defendant’s “*current* information not just what was known at the time of his original sentence, 35 years ago.”  She noted defendant had received several laudatory chronos while incarcerated, and she attached a copy of them as well as support letters from defendant’s brother and defendant’s current wife.  She included a 2014 letter from a correctional sergeant, numerous recommendation letters, and evidence of defendant’s grades in college courses and his participation in rehabilitative activities and trainings while incarcerated.  Defendant asked that he be resentenced to a term of 25 years to life.  He noted that the special circumstance was subject to dismissal in the interest of justice under section 1385 in 1986, when defendant committed the crime.  Defendant acknowledged that the trial court’s discretion to dismiss or strike a special circumstance committed after 1990 was abrogated by Proposition 115 in 1990, but he contends section 1385.1 is inapplicable to crimes that occurred before the passage of Proposition 115.  Alternatively, defendant asserted the court could resentence him to 25 years to life on the conspiracy count and

---

[1]The jury also convicted defendant’s then wife Leny Galafate of murder and conspiracy to commit murder and found true the same additional allegations as to her.

[2]Leny Galafate was also sentenced to life without the possibility of parole.

3.

stay the first degree murder conviction pursuant to section 654 given the passage of Assembly Bill No. 518 (2021–2022 Reg. Sess.). He noted the following circumstances in mitigation: (1) he "was under 26 years of age at the time of the commission of the offense"; (2) "[t]he crime was committed because of an unusual circumstance, that is unlikely to recur"; (3) "[t]he defendant was motivated by a desire to provide necessities for his or her family or self"; (4)"[t]he commission of the current offense is connected to the defendant's prior victimization or childhood trauma, or mental illness as defined by section 1385(c)"; and (5) "[t]he defendant has an insignificant record of criminal conduct." He also noted the following circumstances in aggravation: (1) "[t]he crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness; and (2) "[t]he manner in which the crime was carried out indicates planning, sophistication, or professionalism."

The People filed a written opposition to defendant's request for resentencing, asserting "defendant has not provided a recommendation from the secretary or Board of Parole Hearings, a county correctional administrator, district attorney or the Attorney General, for resentencing." They further argued defendant and his wife murdered their own family member, and the murder was "violent" and "callous" and committed "for purposes of financial gain." (Capitalization and boldface omitted.) They noted defendant's "ongoing efforts to better himself," but asserted his "actions in the underlying conviction are a high cause of concern," and "he would remain a danger to society" if the court were to recall his sentence. They noted there "is nothing that would prevent [defendant] from committing unlawful acts to gain financial wellness" if he were to be released from prison. Additionally, they argued that striking the special circumstance allegation would be a retroactive reward for defendant's good behavior while in prison, which was not appropriate given the nature of the conviction. They asked the court to deny defendant's request for resentencing pursuant to section 1172.1. In a supplemental opposition, the People further argued that the court could not strike or

4.

dismiss the special circumstance pursuant to section 1385.1. Defendant filed a reply reiterating his argument that section 1385.1 is inapplicable to crimes that occurred before the passage of Proposition 115 "as violative of the rule against ex post facto legislation," citing *Tapia v. Superior Court* (1991) 53 Cal.3d 282 in support.

The court held a hearing on May 24, 2024, at which defense counsel explained she "did not know that it was going to be calendared" and that "it is really just an invitation." The court initially noted it did not have the request, but after receiving a copy it indicated it was "probably not going to review the 190 pages today," and it reset the matter for a different date.

The court held another hearing on June 28, 2024. At the hearing, defense counsel argued there was "a strong presumption of recalling [defendant's] sentence based upon his 35 years of exemplary behavior in prison," and "[a]ll he's asking is the Court to … resentence him to 25 years to life which would give him the opportunity for parole." The People asked the court to deny the request to recall and resentence defendant. They acknowledged the work defendant had done in prison but stated, here, "12 jurors made the unanimous decision … beyond a reasonable doubt that murder was done for purpose of financial gain."

The court stated, "[T]his one is really troubling me. Initially when I look at it, I thought it was a no brainier [*sic*]. The victim was murdered for financial gain. [T]his is the case where he took out an insurance policy without her knowing it, and then murdered her callus [*sic*], vicious. That was 35 years ago. I'm aware of the current legislation." The court stated defendant had "a right to have my ruling probably in person," and it took the matter under submission. In addressing defendant, the court noted "these are very tough decisions for a Judge to make. I don't know di [*sic*] minimus harm that was done to the victim, has not had a chance to go [to] school or get college credits, but I'm very impressed of what you done over the last 35 years. You almost seem like a poster child. I'm surprised CDC hasn't put this on our raiders [*sic*] already,

5.

but … I'm honestly on the fence." The court then reset the matter to permit it to research and reread the filings.

On July 12, 2024, the court held further proceedings on defendant's invitation to the court for recall and resentencing. It recited the procedural history of the case and stated its tentative was to "decline the invitation to resentence." Defense counsel reiterated defendant's accomplishments while in prison and asserted he "really has been a model prisoner" and "has rehabilitated himself." She argued defendant's sentence of life without the possibility of parole serves no further purpose. The prosecutor responded that defendant was "essentially asking for a dismissal of a special circumstance enhancement that a previous jury has made a true finding just because [defendant] has exhibited good behavior for 35 years." She noted defendant's good behavior and "steps to rehabilitate himself," but argued dismissal of the special circumstance "is not permitted just to essentially remove the LWOP. That is not what the legislature and the statute, the purposes of what they are looking to do." She asked the court to deny or decline the invitation as the court indicated in its tentative.

The court denied defendant's invitation to recall and resentence him. It stated defendant "has done an amazing amount of work while he's in prison," and it noted it "has discretion" but was "declining to exercise this discretion." It reasoned, "This was premeditated. This was pretty much everybody's nightmare. He went and got an insurance policy against an innocent victim, and then murdered that victim in order to do the financial gain as found true by the jury. The sentence stands."

## DISCUSSION

Defendant appeals from the court's denial of his invitation for recall of sentence and resentencing pursuant to Assembly Bill 600 and section 1172.1. He contends the court's order affects his substantial rights and the court erred in denying his request for relief such that the matter must be reversed and remanded. However, we conclude the order appealed from is not appealable; thus, the appeal must be dismissed.

6.

## I.     Applicable Law

Where, as here, execution of sentence has commenced and the judgment is final, the trial court is generally "deprived of jurisdiction to resentence" a criminal defendant. (*People v. Karaman* (1992) 4 Cal.4th 335, 344, citing *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455; accord, *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.)  To obtain resentencing on a final judgment, a defendant generally must file a petition for writ of habeas corpus (see *People v. Picklesimer* (2010) 48 Cal.4th 330, 339) or proceed by way of a special statutory procedure (e.g., §§ 1170.18, 1170.91, 1172.1, 1172.2, 1172.6, 1172.7, 1172.75).  (*People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1118.)

Section 1172.1 (former § 1170, subd. (d)) provides an exception to the general rule that a trial court loses jurisdiction once execution of sentence has begun by authorizing a recall and resentencing procedure that may be invoked when, for example, the Secretary of the Department of Corrections and Rehabilitation recommends resentencing. (§ 1172.1, subd. (a)(1); *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.)  Assembly Bill 600 amended section 1172.1 to allow a court to now resentence a defendant "on its own motion" when "applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law."  (§ 1172.1, subd. (a)(1), as amended by Stats. 2023, ch. 446, § 2.)  Accordingly, effective January 1, 2024, section 1172.1, subdivision (a)(1) provides the court may, "*on its own motion, … at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law*, … recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."  (Italics added.)  Section 1172.1, subdivision (a)(5) provides: "In recalling and resentencing pursuant to this provision, the court shall consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated,

evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.… The court shall consider if the defendant has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence, … or if the defendant … was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense, and whether those circumstances were a contributing factor in the commission of the offense."

Notably, section 1172.1, subdivision (c) expressly states, "A defendant is not entitled to file a petition seeking relief from the court under this section." (*Ibid.*) Additionally: "If a defendant requests consideration for relief under this section, the court is not required to respond." (*Ibid.*)

## II. Analysis

Defendant now appeals from the court's order, asserting the court chose to accept his invitation to recall and resentence on its own motion by reviewing the documents filed, scheduling a hearing, and soliciting arguments by both parties thereby making its order appealable pursuant to section 1237. Defendant further contends the court acted "arbitrarily" and thereby abused its discretion in denying his request to recall and resentence because it failed to consider statutorily required factors. The People argue the appeal must be dismissed because the court's order is not appealable. They contend the procedures provided for in the statute defendant references "refer to the court's obligations after it recalls a defendant's sentence and initiates resentencing procedures. They do not reflect an intent to provide a substantial right to a defendant to request recall and resentencing or a right to review of a court's decision not to recall a sentence." We

agree with the People and conclude the appeal must be dismissed because the court's order is not appealable.

"'"It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute." [Citations.]'" (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) Section 1172.1 does not address whether a trial court's denial of a defendant's request for recall and resentencing under the statute is appealable. However, section 1237, subdivision (b) "provides that a defendant may appeal from 'any order made after judgment, affecting the substantial rights of the party.'" (*Teal*, *supra*, at p. 598.)

But, here, we cannot conclude the court's order denying defendant's request that it initiate recall and resentencing proceedings on its own motion affects defendant's substantial rights such that it constitutes an appealable order. Section 1172.1, subdivision (c) expressly provides that the trial court may choose not to respond to a defendant's invitation for the court to initiate recall and resentencing proceedings on its own motion pursuant to section 1172.1, subdivision (a) as amended by Assembly Bill 600. By stating a court may decline to respond to a defendant's request for relief under the statute, the language of section 1172.1, subdivision (c) establishes there is no affirmative obligation on a trial court to consider a defendant's request for relief or initiate recall and resentencing proceedings in response thereto. And, if a court has no duty to respond to— let alone grant—a defendant's request for relief, it follows that a defendant has no *right* to the initiation of recall and resentencing proceedings. Thus, where, as here, the court issues an order denying such relief, it cannot be said to affect the defendant's substantial rights as would be required for such a postjudgment order to be appealable. (§ 1237, subd. (b).) That is, the statutory language of section 1172.1 provides a basis as to why a defendant should be precluded from raising the court's alleged erroneous failure to initiate recall and resentencing proceedings on appeal. (Cf. *People v. Loper* (2015) 60 Cal.4th 1155, 1167; *People v. Carmony* (2004) 33 Cal.4th 367, 376.)

That the court considered defendant's invitation, held a hearing, and permitted the parties to argue before declining defendant's invitation to recall and resentence defendant on its own motion does not compel a different conclusion. The court at no time granted defendant's invitation to recall and resentence. Indeed, in his opening brief, defendant states he is appealing "the denial of his invitation for recall and resentencing under … section 1172.1." And, as discussed, given the plain language of section 1172.1, subdivision (c), an order denying a defendant's unauthorized request for relief under the statute cannot be said to affect his substantial rights. That is, even if the trial court considered defendant's invitation for recall and resentencing pursuant to section 1172.1 before denying it, this would not convert the order into an appealable one. Rather, because defendant has no right to relief (i.e., the defendant has no right to the court's initiation of recall and resentencing proceedings on its own motion pursuant to § 1172.1), an order denying such relief cannot be said to affect the defendant's substantial rights. (See *People v. Brinson* (July 14, 2025, A171744) ___ Cal.App.5th ___ ["a defendant who requests recall and resentencing under section 1172.1 … does not have a substantial right at stake, and the trial court's decision on that request is not appealable"] [2025 Cal.App. LEXIS 450; 2025 WL 1922432].)

Because we conclude the order appealed from is not appealable, the appeal must be dismissed.

## DISPOSITION

The appeal is dismissed.

10.